IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEFFREY EARL STARK,
FDOC #L08885,
    Petitioner,

vs.                                            Case No.: 1:16cv57/MMP/EMT

JULIE L. JONES,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 9). Respondent filed an answer seeking dismissal of the petition (ECF No. 17). Petitioner filed a response (*see* ECF Nos. 20, 21).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

I.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted in the Circuit Court in and for Levy County, Florida, Case No. 2014-CF-545, pursuant to a no contest plea, of one cont of lewd or lascivious exhibition (*see* ECF No. 9).  Petitioner was sentenced to time in the county jail and a term of sex offender probation, supervised by the Florida Department of Corrections ("FDOC") (*see* ECF No. 9 at 1).

On September 14, 2015, Petitioner filed a motion for modification of probation (*see* ECF No. 9 at 2, 5, 17).  Following a hearing on October 21, 2015, the trial court denied Petitioner's motion (*see id.* at 17).

On February 16, 2016, Petitioner filed another motion/request to modify and/or terminate his probation (*see* ECF No. 9 at 16).  The trial court denied Petitioner's motion in an order rendered February 18, 2016 (*see id.*).

Petitioner filed the instant federal habeas action on March 9, 2016 (*see* ECF No. 1).

II.  ANALYSIS

In this federal habeas action, Petitioner raises the following single claim in his amended petition:

> While in jail, the paperwork I got said [I] had to have someone over 18 to be around anyone under 18. When [I] got out, it changed to could not [sic] be around anyone under 18 under no sercomestance [sic].

(ECF No. 9 at 5). Petitioner then explains, in three letters to the court attached to his amended petition, that he never sexually touched or battered a child, never touched himself sexually in the presence of a child, and never asked a child to touch him; instead, he simply "flashed" his penis for approximately five seconds to his step-daughter, who was under the of age 16 at the time (*id.* at 18–24). Petitioner contends that his offense conduct does not warrant or qualify for the imposition of sex offender probation, including the restriction on contact with his three children, the restriction on his use of the internet, the requirement that he attend sex offender counseling, and the requirement that he comply with sex offender registration requirements (*see* ECF No. 9 at 5, 18–24). As relief, Petitioner seeks modification of the terms of his probation or vacatur of the probationary part of his sentence (*see id.*).

Respondent filed a motion for more definite statement (ECF No. 12). In response, Petitioner asserts that the original charging document should have been dismissed, because it charged him under the wrong statutory section, Florida Statutes § 800.04(7)(c) (which applies to offenders under the age of 18 years and is a third degree felony), instead of § 800.04(7)(b) (which applies to offenders over the age of

18 and is a second degree felony) (*see* ECF No. 15 at 3–4). Petitioner submitted a copy of the original charging document, which alleged that Petitioner was 51 years of age, but incorrectly cited § 800.04(7)(c), instead of 800.04(7)(b) (*see* ECF No. 20 at 9). Petitioner concedes that the State subsequently corrected the error in the charging document (*see* ECF No. 21 at 3–4).

Respondent filed an answer, seeking dismissal of the amended §2254 petition on the following grounds: (1) Petitioner is not "in custody" for purposes of the federal habeas statute; (2) the Secretary of the FDOC is not the proper Respondent; (3) Petitioner failed to exhaust his state court remedies prior to commencing this action; and (4) Petitioner's challenge to the terms of his probation is purely a state law issue, not a federal issue for which federal habeas relief may be granted under § 2254 (*see* ECF No. 17).

In Petitioner's reply to Respondent's answer, Petitioner states that although he is not in jail, he is in FDOC custody by virtue of the agency's supervising his probation, and as evidenced by the fact that he has been assigned an FDOC number, #L08885 (ECF No. 20 at 4). Petitioner also asserts new challenges to his conviction and sentence, including: (1) his pre-trial bond was excessive, in violation of the Eighth Amendment; (2) the public defender never investigated the case; (3) the police

report included inaccurate information, in violation of the Fifth Amendment; (4) the sentence was excessive in light of the offense conduct, in violation of the Eighth Amendment; (5) the State denied his request for audio tapes of interviews with witnesses, in violation of the Sixth Amendment; and (6) the evidence was insufficient to support the charge (ECF No. 20 at 2–3, 6–8; ECF No. 21 at 3). With regard Respondent's exhaustion defense, Petitioner states he is "trying to appeal my case on a few grounds" (ECF No. 21 at 2–3).

Initially, the court rejects Respondent's contention that Petitioner is not in FDOC custody. Petitioner is on felony probation, which is supervised by the FDOC's Gainesville Circuit Office. Indeed, Petitioner has been assigned an FDOC number, #L08885. *See* http://www.dc.state.fl.us/ (search Supervised Population Information Search, DC Number L08885). Petitioner is thus "in custody," for purposes of § 2254(a). *See* Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail.") (citations omitted). Further, under 28 U.S.C. § 2242, either the Secretary of the FDOC or Petitioner's probation officer (an employee of the FDOC) is the proper Respondent in this habeas action, just as the Secretary or the warden of the facility where a habeas petitioner is detained is the

proper Respondent in a habeas action brought by a prisoner.  *See* Squire v. Fulwood, 75 F. Supp. 3d 548, 550 (D.D.C. Dec. 2014) (citing Jones v. Cunningham, 371 U.S. 236, 243, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963)); Matthews v. Meese, 644 F. Supp. 380, 381 (D.D.C. 1986) ("custodian of a parolee is his . . . parole officer).  Therefore, the court rejects Secretary Jones' argument that she is not a proper Respondent.

However, the court agrees with Respondent that Petitioner's challenge to the terms and conditions of his probation is purely a state law issue, not a federal issue for which federal habeas relief may be granted under § 2254.  Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  Thus, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas

court to reexamine state-court determinations on state-law questions."). "Questions of state law rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Tejada v. Dugger, 941 F.2d 1551, 1560 (11th Cir. 1991) (quoting Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983)).

The legality of the terms and conditions of Petitioner's probation imposed by the trial court (for example, the restriction on Petitioner's contact with his three children, the restriction on his use of the internet, the requirement that he attend sex offender counseling, and the requirement that he comply with sex offender registration requirements) is a matter of state law. Florida Statutes § 948.30 provides, in relevant part:

> Conditions imposed pursuant to this section do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this section.
>
> (1) Effective for probationers . . . whose crime was committed on or after October 1, 1995, and who are placed under supervision for violation of chapter 794, s. 800.04 [the statute under which Petitioner was convicted], . . . the court must impose the following conditions in addition to all other standard and special conditions imposed:

>(c) Active participation in and successful completion of a sex offender treatment program with qualified practitioners specifically trained to treat sex offenders, at the probationer's . . . own expense.
>
>. . . .
>
>(e) If the victim was under the age of 18, a prohibition on contact with a child under the age of 18 except as provided in this paragraph.  The court may approve supervised contact with a child under the age of 18 if the approval is based upon a recommendation for contact issued by a qualified practitioner who is basing the recommendation on a risk assessment.  Further, the sex offender must be currently enrolled in or have successfully completed a sex offender therapy program.  The court may not grant supervised contact with a child if the contact is not recommended by a qualified practitioner and may deny supervised contact with a child at any time.
>
>. . . .
>
>(h) Effective for probationers . . . whose crime is committed on or after July 1, 2005, a prohibition on accessing the Internet or other computer services until a qualified practitioner in the offender's sex offender treatment program, after a risk assessment is completed, approves and implements a safety plan for the offender's accessing or using the Internet or other computer services.

Fla. Stat. § 948.30(1)(c), (e), (h).  Additionally, under Florida law, the sexual offender registration requirements are mandatory for a violation of § 800.04.  *See* Fla. Stat. § 943.0435(1)(h)a.

Petitioner's challenge to the trial court's imposition of certain terms and conditions of his probation does not raise an issue of federal constitutional significance.  Therefore, Petitioner is not entitled to federal habeas relief on the claim asserted in his amended § 2254 petition.

In Petitioner's reply brief and supplement thereto, he urges this court to consider wholly different challenges to his conviction and sentence, including: (1) his pre-trial bond was excessive, in violation of the Eighth Amendment; (2) the public defender never investigated the case; (3) the police report included inaccurate information, in violation of the Fifth Amendment; (4) the sentence was excessive in light of the offense conduct, in violation of the Eighth Amendment; (5) the State denied his request for audio tapes of interviews with witnesses, in violation of the Sixth Amendment; and (6) the evidence was insufficient to support the charge (even though Petitioner admits he intentionally "flashed" his step-daughter (*see* ECF No. 9 at 22)) (ECF No. 20 at 2–3, 6–8; ECF No. 21 at 3).

Petitioner's amended § 2254 petition did not present any of these constitutional issues (*see* ECF No. 9). And any attempt by Petitioner to amend his amended § 2254 petition to include federal constitutional challenges to his conviction and sentence would run squarely into the doctrines of exhaustion and procedural default. In one of Petitioner's filings (a supplement to his reply brief, filed on August 18, 2016), Petitioner states he is "trying to appeal my case on a few grounds" (ECF No. 21 at 2–3). However, on September 28, 2016, the Florida First District Court of Appeal denied Petitioner's petition for belated appeal, and dismissed the appeal as untimely.

*See* <u>Stark v. State</u>, — So. 3d —, 2016 WL 5477876, at *1 (Fla. 1st DCA Sept. 28, 2016) (Mem).  Therefore, any claims Petitioner sought to raise in his appeal, and any claims he was required to raise under state law, or be precluded from doing so in the future, would be procedurally defaulted if Petitioner asserted them in this federal habeas action.  It would thus be futile to permit Petitioner to amend his amended § 2254 petition to assert those claims.

It would also be futile to permit Petitioner to amend his amended § 2254 petition to assert claims that he was not required to raise on direct appeal, for example, his claim of ineffective assistance of counsel based upon the public defender's failure to investigate the case.  Petitioner has an avenue available in state court to assert such a claim, specifically, a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure.  There is no indication that Petitioner has pursued that remedy.  Amending the amended § 2254 petition to add claims cognizable in a Rule 3.850 motion would render the petition subject to dismissal as a "mixed" petition.  *See* <u>Piller v. Ford</u>, 542 U.S. 225, 233, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (quoting <u>Rose v. Lundy</u>, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)).

## III. CONCLUSION

The only claim asserted in Petitioner's amended § 2254 petition raises a purely state law issue, and thus provides no basis for federal habeas relief.  Permitting Petitioner to amend his amended § 2254 petition with the claims asserted in his reply would be futile, as any such claims would be subject to dismissal pursuant to the doctrines of exhaustion and procedural default.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing)

(citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's amended petition for writ of habeas corpus (ECF No. 9) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 8th day of November 2016.

>   */s/ Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**